# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:15CR00015-016 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRACY VERNON OSBORNE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, filed a pro se document on June 12, 2020, that I construe as a motion seeking compassionate release from his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). By Order entered June 12, 2020, I granted the defendant leave to provide further necessary information in order to allow the court to adequately consider the motion. The Federal Public Defender has now entered an appearance for the defendant and has filed a response to the court's Order, making the defendant's motion ripe for decision.

The defendant was sentenced by this court by judgment entered on July 18, 2016, to 120 months imprisonment, after pleading guilty to conspiring to distribute and to possess with intent to distribute alpha-PVP, also known as bath salts. The defendant's projected release date is March 23, 2024. He is now 44 years old and is

confined at FCI Fort Dix.  That federal prison has 15 current positive inmate cases of Covid-19 and 25 recovered inmate cases.  Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 14, 2020).  According to his prison medical records, Osborne has a body mass index (BMI) of 32.0-32.9, Def.'s Resp. Ex 1, at 60, ECF No. 1143, which is a recognized risk factor for the severity of a coronavirus infection.

The court may grant a § 3582(c)(1)(A) motion by an inmate after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  I have held that the proper interpretation of § 3582(c)(1)(A) is to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the warden to the inmate's request.  In other words, when a warden denies an inmate's request within 30 days, the inmate must exhaust the full administrative remedies to appeal the warden's denial before filing in court.

Defendant did not prior to filing his pro se motion seek to exhaust his administrative remedies.  His counsel represents that on July 6, 2020, he submitted a request to Osborne's warden on Osborne's behalf to file a motion for compassionate release based on Osborne's obesity and the present Covid-19

pandemic.  That request has not been responded to.  While I find that exhaustion of the Bureau of Prison's administrative remedies is not jurisdictional, it is mandatory.

Because the defendant has not exhausted his administrative remedies, his motion, ECF Nos. 1107 and 1139, is DENIED without prejudice.

It is so **ORDERED**.

ENTER:  July 14, 2020

/s/  JAMES P. JONES
United States District Judge